LETTS, Judge,
specially concurring.
An institutional lender obtained a final summary judgment in a mortgage foreclosure action. The judgment was obtained despite the fact that the borrowers had not yet filed an answer because of their outstanding motion to dismiss.
At this stage there is little or nothing in the record to reveal whether the borrowers really do have valid defenses or whether they are merely stalling the inevitable. Certainly, the motion to dismiss reveals no valid defenses. For example, the primary thrust of the motion to dismiss is that the allegations in the complaint are “insufficient and defective,” yet the complaint tracks the form approved by our supreme court. See Fla.R.Civ.P. 1.944. True, the method employed to set down the motion to dismiss[1] suggests a dilatory tactic, but absent more facts, Gutterman, at this stage, mandates reversal.
I am cognizant of the fact that lenders, with the occasional possible exception of purchase money mortgage holders who have received considerable cash down payments, seldom, if ever, relish foreclosures. *554 Nonpayment on the note is normally the only reason the lender goes to court.
As a consequence, I urge the trial judge not to hesitate to award section 57.105, Florida Statutes (Supp.1986), fees, if the defenses, when presented, reflect a complete absence of a justiciable issue in law or fact. It is true that defaulting borrowers are likely to be without funds; however, I would point to the amended 1986 version of section 57.105 which calls for the reasonable fee “to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney_” (Emphasis added.)
REVERSED AND REMANDED.

. The borrowers set their motion to dismiss calling for half an hour on the judge’s calendar. This postponed the hearing far beyond the normal period for a motion to dismiss. Moreover, the complaint filed April 17, 1986 produced no responsive pleading until June 5, 1986 at which time a motion for extension was made. It was not until June 10, 1986, that a motion to dismiss was filed. That motion could not be set before August 29, 1986, more than four months after the complaint was filed.